

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 29, 1975

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas 77704

The Honorable Hank Anderson
County Attorney
Wichita County
Wichita Falls, Texas 76301

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H-756

Re: Court costs which can be
collected at the time a suit
or instrument is filed for
service by constables or sheriffs.

Gentlemen:

You have collectively asked three questions concerning fees for service of process. Your questions are:

(1) Are sheriffs entitled to fees under article 3933a, V.T.C.S., for unsuccessful attempts to complete service of process?

(2) May County and District Clerks assess and collect service fees at the time of filing of suits or instruments which require service?

(3) May County and District Clerks collect a deposit at the time of filing in order to secure service fees?

p. 3196

Prior to its 1975 amendment, article 3933a, V.T.C.S., authorized fees when service "is performed or attempted and return is made." (Emphasis added). However, article 3933a presently authorizes such fees only when service "is performed and return made." Acts 1975, 64th Leg., ch. 488, p. 1297. In our opinion, the clear import of the 1975 amendment to article 3933a is that sheriffs may no longer collect a fee for service of process or some other instrument unless such service is successfully performed. Accordingly, we answer the first question in the negative.

The second two questions are whether a County or District Clerk may collect fees for service at the time of filing and whether security for such fees may be required at that time.

Since a sheriff is not entitled to a fee for service of process or some other instrument unless such service is successful, we believe it clear that such fees may not be taxed as costs until the service is completed. Thus, a County or District Clerk has no authority to collect as court costs a fee for service of process prior to the actual service and return of process. See Rule 17, T.R.C.P.

While the clerk may not collect a fee for service of process before service is made, the question of requiring security at the time the petition is filed for eventual payment of that fee is governed by Rule 142, T.R.C.P., which provides:

> The clerk may require from the plaintiff security for costs before issuing any process, but shall file the petition and enter the same on the docket. No attorney or other officer of the court shall be surety in any cause pending in the court, except under special leave of court. (Emphasis added).

In addition, Rule 146 provides:

> In lieu of a bond for costs, the party required to give the same may deposit with the clerk of court or the justice of the peace such sum as the court or justice from time to time may designate as sufficient to pay the accrued costs.

The Honorable Tom Hanna
The Honorable Hank Anderson - page 3  (H-756)
The Honorable Joe Resweber


See also Rule 145, regarding affidavits of inability to pay costs.
Compare Rule 143, concerning other costs. In interpreting Rule 142,
Attorney General Opinion S-42 (1953) indicated:

> It will thus be seen that the county or
> district clerk shall file the petition in every
> case when it is presented to him, but he is not
> required to issue any process thereon without
> security for costs in said cause, or unless a
> sum of money is deposited with the clerk sufficient
> to secure the estimated costs, or unless the plaintiff
> shall file a paupers affidavit in lieu of the bond
> or deposit.

Thus, at the time a petition is filed, a clerk may refuse to issue
process prior to the receipt of security for costs or an affidavit of
inability to pay costs. Accordingly, we answer the second question in
the negative and the third in the affirmative. While a clerk may not
assess fees for service as costs prior to the successful return thereof,
he may require security or an affidavit of inability to pay costs prior
to issuing any process for service.

### S U M M A R Y

Under article 3933a, a sheriff is not
entitled to a fee for an unsuccessful attempt
to serve process.

A county or District Clerk may not assess
fees for service as costs prior to the successful
performance of service. At the time a petition
is filed, a clerk may require security for such
fees or an affidavit of inability to pay costs
prior to issuing any process.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3198

The Honorable Tom Hanna
The Honorable Hank Anderson - page 4  (H-756)
The Honorable Joe Resweber


APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb